IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDRIAN SHERMAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WARDEN FIGUEROA, )<br>)<br>Defendant. ) | CIV-08-528-R |

## ORDER

Petitioner, a Washington state prisoner appearing *pro se*, filed this action seeking a writ of mandamus. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On May 21, 2008, Judge Purcell issued a Report and Recommendation wherein he recommended that the petition for writ of mandamus be denied without prejudice. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, obligating the Court to make a *de novo* review of any specific objection raised by Petitioner.

Petitioner seeks mandamus relief against the warden at North Fork Correctional Center, seeking the return of his television and additional access to the law library and legal resources. Petitioner asserts that the warden's actions are contrary to the laws of Washington State and the contract between Washington and Corrections Corporation of America, which operates North Fork. Petitioner disavows that this action should be treated as one for relief under 42 U.S.C. § 1983; asserting that such an action would tie up the court for one to two years, by which time Petitioner would have been returned to Washington. Judge Purcell

recommended that the petition be dismissed, because 28 U.S.C. § 1651(a), the jurisdictional basis alleged by Petitioner, does not actually provide a basis for proceeding with his claims in this forum. *See Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972) ("No new grant of judicial power is contemplated by the statute; § 1651(a) is rather only an incident of jurisdiction). Accordingly, because Petitioner is clear that he does not wish to pursue 42 U.S.C. § 1983 relief, his attempts to increase the scope of his claims via his objection must fail as well.

In his objection Petitioner alleges racial discrimination. However, he has not sought to allege a jurisdictional basis other than the All Writs Act. His passing reference to 42 U.S.C. § 1985 does not provide an alternative basis for jurisdiction, because Plaintiff has not alleged any conspiracy, he merely alleges discrimination by the warden.

In short, Petitioner specifically refuses to proceed with this action under 42 U.S.C. § 1983, the only appropriate basis for this Court's jurisdiction over his claims. The All Writs Act does not provide a jurisdictional basis for any of his claims, even when the Court considers the new factual allegations raised in his objection. Having conducted a de novo review, the Court concludes that Petitioner's claims must be DISMISSED. Accordingly, the

Report and Recommendation is ADOPTED and this action is hereby DISMISSED WITHOUT PREJUDICE.  Petitioner's Motion fro Assistance with Process is DENIED.

 **IT IS SO ORDERED** this 10th day of June 2008.

               _____
               DAVID L. RUSSELL
               UNITED STATES DISTRICT JUDGE